UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID PETERSON,

                       Plaintiff,

                                                                                       9:19-CV-0569
v.                                                                              (GTS/DJS)

J. LINDSTRAND, Dep. Super. for Administration,
Great Meadow Corr. Fac.; J. CORLEW, Offender
Rehab. Coord., Great Meadow Corr. Fac.;
C. MILLER, Super., Great Meadow Corr. Fac.,
DONALD VENETTOZZI; and Dir. of Special
Housing and Inmate Disciplinary Programs,
Great Meadow Corr. Fac.,

                       Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

DAVID PETERSON, 01-A-6826
  Plaintiff, *Pro Se*
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. LETITIA A. JAMES                            NICHOLAS W. DORANDO, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by David

Peterson ("Plaintiff") against the four above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. §

1983, are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motion for summary judgment be granted, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 72, 80.) For the reasons set forth below, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart rendered the following four findings of fact and conclusions of law: (1) based on the current record, a genuine dispute of material fact exists regarding whether a protected liberty interest was implicated in this case; (2) however, Plaintiff's due process claims should be dismissed against all four Defendants, because no admissible record evidence exists from which a reasonable jury could find that (a) Plaintiff did not receive all the process due to him under the circumstances (whether that process consisted of the right to assistance, the right to an impartial hearing officer, the right to present documentary evidence at a disciplinary hearing, or the right to a disposition supported by at least some evidence), or (b) Defendants Miller and Venettozzi (who were supervisors) were personally involved in any violations by failing to supervise others who committed those violations; (3) in the alternative, Plaintiff's due process claims should be dismissed against three of the four Defendants (all Defendants except Corlew) as a matter of law, based on the doctrine of qualified immunity; and (4) because adequate grounds exist upon which to recommend the granting of Defendants' motion, no need exists to decide Defendant's argument that Plaintiff's claims are untimely, and that Plaintiff is not entitled to the injunctive relief he seeks. (Dkt. No. 72, Part III.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following five arguments: (1) Magistrate Judge Stewart erred by failing to sanction Defendants for their intentional destruction of material evidence based on a purported policy that they have never produced; (2) Magistrate Judge Stewart erred by making an improper credibility determination to find that "an altercation broke out" between Plaintiff and another prisoner (giving rise to a disciplinary charge against Plaintiff), because that finding contradicts the fact that Plaintiff was ultimately found not guilty of the disciplinary charge against him; (3) Magistrate Judge Stewart erred by finding that, based on the current record, no reasonable jury could conclude that Defendants violated Plaintiff's due process rights to (a) receive assistance, (b) receive an impartial hearing officer, (c) present documentary evidence, and (e) receive a disposition supported by at least some evidence; (4) Magistrate Judge Stewart erred by finding that, based on the current record, no reasonable jury could conclude that Defendants Miller and Venettozzi were personally involved in any violations; and (5) Magistrate Judge Stewart erred by finding to genuine dispute of material fact regarding whether qualified immunity protected (a) Defendants Miller and Venettozzi, and (b) Defendant Lindstarnd. (Dkt. No. 80, at 4-9 [Affirmation], 10-37 [Memorandum of Law].)

**II.    STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report

to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

³ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.   ANALYSIS**

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds five points.

First, the Court rejects Plaintiff's first argument (challenging Magistrate Judge Stewart's ruling regarding the destruction of material evidence) on several grounds. As an initial matter, this argument is less an Objection to a Report-Recommendation (which nowhere relies on or even mentions the evidence, a hearing tape) than an untimely appeal from the denial of a non-dispositive motion. Under Local Rule 72.1(b), Plaintiff's appeal from the ruling in question was due fourteen (14) days after the ruling, which was rendered on November 16, 2021. (Dkt. No. 62.) However, Plaintiff did not challenge the ruling until his Objections on June 23, 2022. (Dkt.

---

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

No. 80.)  In any event, the Court does not find the ruling either "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Nor would the Court find any error in the ruling if it were to subject it to de novo review.  This is because, in making his ruling, Magistrate Judge Stewart relied on the fact that (1) Plaintiff had been provided a transcript of the hearing tape, (2) Defendants had destroyed the tape pursuant to a policy, according to a representation of defense counsel (an Assistant Attorney General), and (3) Plaintiff could request an evidentiary sanction from the undersigned before trial (if Plaintiff survives a motion for summary judgment).  (Dkt. No. 62, at 5.)  The Court notes that, although Plaintiff's underlying motion to compel requested sanctions, it does not appear to have expressed requested either the hearing tape or a sanction for destroying the tape.  (Dkt. No. 58.)

Second, the Court rejects Plaintiff's second argument (challenging Magistrate Judge Stewart's finding that "an altercation broke out" between Plaintiff and another prisoner) also on several grounds.  As an initial matter, Magistrate Judge Stewart never expressly found that such "an altercation broke out"; he found only that "*it was alleged* by prison officials that Plaintiff and inmate Povoski engaged in a verbal and physical altercation during which Plaintiff assaulted Povoski with a plexiglass shank (later recovered from a garbage can), and that marks were observed on Mr. Povoski's neck."  (Dkt. No. 62, at 2 [emphasis added].)  Such an allegation by prison officials is, indeed, undisputed, based on the current record.  In any event, admissible record evidence exists that an "altercation" was perceived by correctional officers, and nothing in the finding of "not guilty" on rehearing expressly controverts that fact.  (Compare Dkt. No. 56, Attach. 1 with Dkt. No. 66, Attach. 1, at 10-11.)  Indeed, Plaintiff admitted in his deposition that he and the other prisoner had become "animated" and "loud" during their meeting.  (Dkt. No. 56,

Attach. 1, at 23-24.)

Third, the Court rejects Plaintiff's third and fourth arguments (challenging Magistrate Judge Stewart's findings regarding the merits of Plaintiff's due process claims) also on several grounds. As an initial matter, these arguments are mere reiterations of arguments previously made to, and rejected by, Magistrate Judge Stewart. (*Compare* Dkt. No. 80, at 23-25, 32-33 [Plf.'s Obj.] *with* Dkt. No. 66, at 21-23, 23-25, 38-39 [Plf.'s Opp'n].) As a result, the challenged portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. *See, supra,* Part II of this Decision and Order. In any event, these portions would survive even a *de novo* review for the reasons stated in the Report-Recommendation. (Dkt. No. 72, at 6-16.)[5]

Fourth, the Court rejects Plaintiff's fifth argument (challenging Magistrate Judge Stewart's findings regarding qualified immunity) as conclusory and bereft of citations to admissible record evidence creating a genuine dispute of material fact as to the issue of whether officers of reasonable competence could disagree' on the legality of the actions of Defendants Miller, Venettozzi, and Lindstrand. (Dkt. No. 80, at 34-36.)

Fifth, and finally, the Court rejects consideration of any evidence adduced by Plaintiff along with his Objections. (Dkt. No. 80, Attach. 1.) To the extent the material is part of the record below, it has already been considered by both Magistrate Judge Stewart and the Court. To the extent it is new material, as stated above in Part II of this Decision and Order, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not,

---

[5] The Court notes that Plaintiff argues contradictorily that it is not true that Defendant Corlew provided Plaintiff with "some documents," because in fact Corlew provided Plaintiff with only two documents: two *is* "some." (Dkt. No. 80, at 18-19.)

presented to the magistrate judge in the first instance.  Here, the Court finds no cause has been shown to depart from that ordinary practice.

For all of these reasons, the Court accepts and adopts the Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 72) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 56) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: February 13, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

9